# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRUCE A. DAVENPORT,

    Plaintiff,

    v.

EILEEN WICAL,

    Defendant.

Civil Action 2:19-cv-2936
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on two Show Cause Orders (Docs. 27, 28). On January 17, 2020, Defendant filed a Motion for Discovery Conference, requesting a conference to address Plaintiff's refusal to participate in the discovery process and his hostile attitude towards counsel for Defendant. (*See generally* Doc. 26). Counsel for Defendant explained that he was compelled to file the Motion because "[a]ttempts to communicate with Plaintiff about his obligation to comply with the Civil Rules regarding discovery have so far been met with such extraordinary misunderstanding and hostility that Defendant, unfortunately, sees no extrajudicial means for resolving these differences." (*Id.* at 1). He continued, giving examples of Plaintiff's hostile behavior, including:

- Plaintiff has threatened criminal prosecution for contacting him by email (see attachments to Rule 26 report) and proven himself incapable of conversing civilly by telephone or recounting truthfully the contents of any such conversation afterwards.

- On December 6, Plaintiff telephoned Defendant's counsel and, without identifying himself, said only: "Since you won't talk to me on the phone, I am throwing all of your paper in the trash" and hung up.

- On January 2, Plaintiff sent an email to counsel claiming again that Assistant OAG Schmidt had instructed him "not to answer any of your questions." On January 7, counsel responded to this email. Plaintiff sent back two emails in response, first stating: "don't ever contact me again", the second stating that counsel had ridiculed him, failed to cooperate with him and that he did not have to provide information "you might use it against me in some way or other and go ahead and cry to the judge."

(*Id.* at 2–3). Counsel documented these exchanges "over the most routine matters to convey to the Court the bizarre and ultimately intolerable attitude Plaintiff has exhibited towards these proceedings," particularly his belief that "he has no obligation to participate or cooperate in responding to discovery[.]" (*Id.* at 3–4).

In response to the Motion, on January 21, 2020, "the Court set a telephonic status conference for January 29, 2020 at 10:00 am and directed the parties to call the Undersigned's chambers at that time. A copy of that notice was sent to Plaintiff via regular mail." (Doc. 27 at 1).

> On January 29, 2020, counsel for Defendant called the Court at the set time. Plaintiff, however, did not. After waiting several minutes for Plaintiff to call, the Court contacted Plaintiff and reminded him of the status conference. The Court then conferenced him onto a line with counsel for Defendant. Before the Court could proceed with the telephonic conference, Plaintiff disconnected from the line. The Court promptly called Plaintiff back. He did not answer, and the Court left him a voicemail requesting that he call back so that the conference could proceed. The Court waited a short while and attempted to call Plaintiff for a third time. Again, Plaintiff did not answer. Five to ten minutes later, Plaintiff called the Court, informed it that he could not participate in the status conference, and disconnected from the line.
> On or before February 10, 2020, Plaintiff is **ORDERED to show cause** why he should not be held in contempt for his failure to appear at the January 29, 2020 telephonic status conference. **If Plaintiff fails to respond to this Order, the Court may dismiss this action for discovery abuses and want of prosecution**.

(Doc. 27 at 1–2). The deadline for Plaintiff to respond passed, and he did not file a response. The Undersigned granted Plaintiff an additional week in which to file a response and cautioned him that, if he failed to respond, "the Court may dismiss this action for discovery abuses and want of

prosecution." (Doc. 28 at 1–2). Plaintiff again did not respond.

The Court may dismiss an action for failure to prosecute under its inherent power to control its docket, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), or under Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits." The measure is available to the Court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999).

The Sixth Circuit directs the district court to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff has refused to participate in the discovery process, (*see generally* Doc. 26), or to litigate this action despite the Undersigned's repeated efforts, (*see generally* Docs. 27, 28). Whether treating opposing counsel with unwarranted hostility, (*see, e.g.*, Docs. 21-1, 26), willfully refusing to participate in discovery or related status conferences, (*see e.g.*, Docs. 26, 26-2–26-5, 27), or failing to respond to the Undersigned's show cause orders, (Doc. 28), Plaintiff has

consistently delayed this proceeding through contumacious conduct. This is true despite the Undersigned warning him that his failure to cooperate would lead to the dismissal of this action. (*See* Doc. 27 at 2; Doc. 28 at 2).

In view of the foregoing, the Undersigned concludes that Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation, and the risk of prejudice to the defendant" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). Finally, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.

The Undersigned, therefore, **RECOMMENDS** that this case be dismissed for want of prosecution.

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the

decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: March 4, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE